UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| RICHARD T. SANSONE,<br><br>      Plaintiff,<br><br>v.<br><br>REED HOLTGEERTS, et al.,<br><br>      Defendants. | No. C05-1644Z<br><br>ORDER |

  This matter comes before the Court on Defendants' Motion for Summary Judgment and Dismissal, docket no. 45. The Court, having reviewed the briefs in support of and in opposition to these motions, hereby GRANTS IN PART and DEFERS IN PART Defendants' Motion for Summary Judgment, docket no. 45.

**I. BACKGROUND**

  Defendants move for summary judgment on all of Plaintiff's claims. Plaintiff's Complaint alleges intentional and/or negligent infliction of emotional distress, conversion, loss of companionship, negligent supervision, gross negligence, assault, false imprisonment, malicious prosecution and civil conspiracy under 42 U.S.C. §§ 1983, 1985, 1986, and 1988 as well as under Washington State tort liability statutes and RCW 4.92. Compl., docket no. 4, at 1. These claims stem from Plaintiff's allegations of false imprisonment during two periods of his incarceration, the first occurring between March 24, 2004, and June 10, 2004,

ORDER  1–

and the second occurring between September 3, 2004, and October 7, 2004. Id. In both instances, Plaintiff was booked into the Regional Justice Center ("RJC") in Kent based on an Order for Arrest and Detention completed by a Community Corrections Officer ("CCO") from the Washington State Department of Corrections ("DOC"). Defs' Mot. Summ. J., docket no. 45, at 2, Ex. A; Decl. of T.A. Bacon, docket no. 46, at 2. Pursuant to an Order for Arrest and Detention, officers at the RJC booked Plaintiff on a "no bail" warrant, "which means that after ensuring that the paperwork presented to the RJC for booking was proper, the jail could not release Sansone until directed by a court order." Defs' Mot. Summ. J. at 2; Bacon Decl. ¶¶ 4-5. Under a "no bail" warrant an officer does not have discretion to refuse to book an inmate if the paperwork for a CCO's Order for Arrest and Detention is proper. Bacon Decl. ¶ 6.

## II. STANDARD

Summary judgment is appropriate "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." FED. R. CIV. P. 56(c); see Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248, 250 (1986). "The evidence of the non-movant is to be believed, and all justifiable inferences are to be drawn in [the non-movant's] favor." Anderson, 477 U.S. at 255. The non-moving party "may not rest upon the mere allegations or denials of the adverse party's pleading, but the adverse party's response, by affidavits or as otherwise provided in this rule, must set forth specific facts showing that there is a genuine issue for trial. If the adverse party does not so respond, summary judgment, if appropriate, shall be entered against the adverse party." FED. R. CIV. P. 56(e); see also Matsushita Elec. Indus. Co. v. Zenith Radio, 475 U.S. 574, 587 (1986).

ORDER  2–

### III. DISCUSSION

#### A. Pleading Requirements Under 42 U.S.C. § 1983

Defendants argue that Plaintiff's Complaint as to his claims under 42 U.S.C. § 1983 is insufficiently plead. Contrary to Defendants' position, a heightened pleading requirement does not exist for § 1983 claims. Following three Supreme Court decisions, the Ninth Circuit in Galbraith v. County of Santa Clara, a case involving a § 1983 claim, eliminated heightened pleading requirements for cases involving improper motives in constitutional tort cases. Galbraith, 307 F.3d 1119, 1124-26 (9th Cir. 2002) (citing Leatherman v. Tarrant County Narcotics Intelligence & Coordination Unit, 507 U.S. 163 (1993); Crawford-El v. Britton, 523 U.S. 574 (1998); Swierkiewicz v. Sorema N.A., 534 U.S. 506 (2002)). In 2005, the Ninth Circuit extended its reasoning from Galbraith: "Although we did not reach the question of whether a heightened pleading standard should be applied in other contexts in Galbraith, the logical conclusion of Leatherman, Crawford-El, and Swierkiewicz dictates that a heightened pleading standard should only be applied when the Federal Rules of Civil Procedure so require." Empress LLC v. City and County of San Francisco, 419 F.3d 1052, 1056 (9th Cir. 2005) (holding that the District Court erred in applying a heightened pleading requirement in a § 1983 action). Plaintiff's Complaint satisfies the applicable notice pleading requirements of Rule 8(a).

#### B. Immunities

Defendants argue that because they are county employees various immunities protect them from Plaintiff's claims. They assert three immunities: 1) absolute immunity for King County Prosecutor Norm Maleng; 2) respondeat superior for the DAJD Command Staff; and 3) qualified immunity for the 187 correctional officers at the RJC. The privilege of an immunity is an immunity from suit, not merely a defense from liability. Saucier v. Katz, 533 U.S. 194, 201 (2001). "As a result, 'we repeatedly have stressed the importance of resolving

ORDER 3–

immunity questions at the earliest possible stage in litigation.'" Id. (citing Hunter v. Bryant, 502 U.S. 224, 227 (1991)).

### 1. **Absolute Immunity - King County Prosecutor Norm Maleng**

"[T]he Supreme Court has recognized that when Congress enacted § 1983, it was aware of a well-established and well-understood common-law tradition that extended absolute immunity to individuals performing functions necessary to the judicial process." Miller v. Gammie, 335 F.3d 889, 895-96 (9th Cir. 2003). Plaintiff incorrectly uses the holding of Imbler v. Pachtman, to assert that absolute immunity does not apply to Mr. Maleng. 424 U.S. 409, 431 (1976). On the contrary, Mr. Maleng's actions were solely within his prosecutorial functions and protected by absolute immunity. Imbler explains the rationale behind absolute immunity:

> The ultimate fairness of the operation of the system itself could be weakened by subjecting prosecutors to § 1983 liability. Various post-trial procedures are available to determine whether an accused has received a fair trial. . . . This focus should not be blurred by even the subconscious knowledge that a post-trial decision in favor of the accused might result in the prosecutor's being called upon to respond in damages for his error or mistaken judgment.
>
> We conclude that the considerations outlined above dictate the same absolute immunity under § 1983 that the prosecutor enjoys at common law. To be sure, this immunity does leave the genuinely wronged defendant without civil redress against a prosecutor whose malicious or dishonest action deprives him of liberty. But the alternative of qualifying a prosecutor's immunity would disserve the broader public interest. It would prevent the vigorous and fearless performance of the prosecutor's duty that is essential to the proper functioning of the criminal justice system.

Imbler, 424 U.S. at 427-28. Plaintiff alleges that Mr. Maleng was operating outside his official capacity as a prosecutor and therefore absolute immunity should not apply. Pl's Resp. at 13. However, Mr. Maleng and his deputies prosecuted Plaintiff pursuant to their obligations to King County and the State of Washington. Accordingly, the Court GRANTS summary judgment as to Defendant Norm Maleng.

ORDER 4–

### 2.  **Respondeat Superior - DAJD Command Staff**

"Liability under section 1983 arises only upon a showing of personal participation by the defendant." Taylor v. List, 880 F.2d 1040, 1045 (9th Cir. 1989) (citing Fayle v. Stapley, 607 F.2d 858, 862 (9th Cir.1979)). "A supervisor is only liable for constitutional violations of his subordinates if the supervisor participated in or directed the violations, or knew of the violations and failed to act to prevent them. There is no respondeat superior liability under section 1983." Id. (citing Ybarra v. Reno Thunderbird Mobile Home Vill., 723 F.2d 675, 680-81 (9th Cir. 1984). Plaintiff fails to provide any evidence to prove that supervisors Reed Holtgeerts, Herb Meyer, Craig Nelson, Larry Mays and Ken Ray participated in, directed, or knew of any violations. Accordingly, the Court GRANTS summary judgment as to Defendants Reed Holtgeerts, Herb Meyer, Craig Nelson, Larry Mays and Ken Ray.

### 3.  **Qualified Immunity - 187 Correctional Officers at the RJC**

"[G]overnment officials performing discretionary functions generally are shielded from liability for civil damages insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known." Harlow v. Fitzgerald, 457 U.S. 800, 818 (1982). "As the qualified immunity defense has evolved, it provides ample protection to all but the plainly incompetent or those who knowingly violate the law." Malley v. Briggs, 475 U.S. 335, 341 (1986). "Qualified immunity is 'an entitlement not to stand trial or face the other burdens of litigation.'" Saucier, 533 U.S. at 200 (2001) (quoting Mitchell v. Forsyth, 472 U.S. 511, 526 (1985)). The threshold inquiry is whether, taking the facts in the light most favorable to Plaintiffs, Defendants' conduct violated one of Mr. Sansone's constitutional rights. If no constitutional violation occurred, then no further inquiry is necessary and the suit should be dismissed. Id. If a constitutional violation is established, then the Court "determine[s] whether that right was 'clearly established' such that 'it would be clear to a reasonable officer that his conduct was unlawful

ORDER  5–

in the situation he confronted.'" Menotti v. City of Seattle, 409 F.3d 1113, 1152 (9th Cir. 2005) (citing Saucier, 533 U.S. at 201-02).

Assuming Plaintiff succeeds in overcoming the first step of the qualified immunity analysis by specifically identifying his right to due process and to not be unlawfully imprisoned under the Fifth Amendment, he must still show that there is a clearly established right. "This inquiry, . . . must be undertaken in light of the specific context of the case, not as a broad general proposition . . ." Saucier, 533 U.S. at 201. A right is clearly established "[i]f the only reasonable conclusion from binding authority [was] that the disputed right existed." Blueford v. Prunty, 108 F.3d 251, 255 (9th Cir. 1997). "The contours of the right must be sufficiently clear that [at the time the allegedly unlawful action is taken] a reasonable official would understand that what he is doing violates that right." Mendoza v. Block, 27 F.3d 1357, 1361 (9th Cir. 1994) (explaining that a reasonable official must know, without guidance from the courts, that his action was unconstitutional).

The officers at the RJC received what they presumed to be a properly issued Order of Arrest and Detention and incarcerated Plaintiff accordingly. According to RCW 9.94A.631, officers at the RJC did not have discretion as to whether to book Plaintiff once they received an Order of Arrest and Detention. RCW 9.94A.631 (2004). Plaintiff produces no evidence to show that these officers knowingly falsely imprisoned him, if he was falsely imprisoned. Once they received the Order of Arrest and Detention, they followed their statutory duties by incarcerating him. Therefore, Plaintiff fails to show that the right he asserts was "clearly established" as it pertains to 185 of the officers at the RJC, excluding Officers Christopher Salindron and Patricia Turner.[1]

---

[1] The record is unclear as to whether or not Officers Salindron and Turner were officers at the RJC (and thus part of the unnamed 187 officers). In the event they were not part of the unnamed 187 officers at the RJC, then this Order granting qualified immunity shall apply to all 187 unnamed officers.

ORDER  6–

Concerning the officers who issued the Order of Arrest and Detention, specifically Officers Salindron and Turner, the determination of a clearly established right is less clear. Plaintiff creates a genuine issue of material fact concerning these two correctional officers by providing evidence indicating that his community placement period may have ended. Pl's Resp., Ex. 3. Unfortunately, the record does not disclose if Plaintiff joined Officers Salindron and Turner as part of the 187 correctional officers of the RJC. If these officers were employed at the RJC and if Plaintiff's community placement period had ended, then their actions in issuing the Orders of Arrest and Detention were unlawful. There is insufficient information in the record to determine whether the community placement period had ended at the time the Orders of Arrest and Detention were issued and if Officers Salindron and Turner were aware of its termination.

Plaintiff does not submit any evidence that the officers at the RJC, excluding Officers Salindron and Turner, were not acting according to their protocol, and therefore Plaintiff has failed to create a genuine issue of material fact concerning the officers' qualified immunity. Accordingly, the Court GRANTS summary judgment as it pertains to the officers at the RJC, other than Officers Salindron and Turner.[2] The Court DEFERS summary judgment as to Officers Salindron and Turner until additional information is provided.

### D. Failure to Meet Rule 56(e) Requirements

Plaintiff must produce additional evidence outside of the pleadings to support the allegations in his Complaint. FED. R. CIV. P. 56(e). However, he does not provide any evidence establishing his claims that Ms. Hansen acted "under color of state law failing to provided [sic] all materials, books, case law, phone calls for meaningful access to the courts in violation of the First Amendment United States Constitution and failed to intervene in the unlawful imprisonment in violation of clearly established federal law." Compl. at 3. The Court GRANTS summary judgment as to all claims against Ms. Terri Hansen.

---

[2] See Footnote 1.

ORDER 7–

Additionally, Plaintiff has not produced evidence outside of his pleadings regarding his claims of excessive force, negligence/negligent supervision, deprivation of property, conversion, and assault. Accordingly, the Court GRANTS summary judgment as to these claims for all Defendants.

## IV. CONCLUSION

The Court GRANTS Defendants' Motion for Summary Judgment, docket no. 45, on all claims, as it relates to Defendants Reed Holtgeerts, Herb Meyer, Norm Maleng, Craig Nelson, Larry Mays, Ken Ray, Terri Hansen, and the 185 correctional officers at the Regional Justice Center.[3] The Court GRANTS Defendants' Motion for Summary Judgment, docket no. 45, for all Defendants on the claims of excessive force, negligence/negligent supervision, deprivation of property, conversion, and assault. The Court DEFERS Defendants' Motion for Summary Judgment as it relates to Officers Christopher Salindron and Patricia Turner.

## V. SUPPLEMENTAL BRIEFING

In order to determine whether Plaintiff was falsely imprisoned, the Court needs further information as to the status of Plaintiff's community placement at the time of his two incarceration periods in 2004. The Court requests that Defendants file a supplemental brief not to exceed six pages regarding Officers Salindron and Turner by October 2, 2006. The Court requests that Defendants submit the following with the supplemental brief: 1) a declaration establishing whether Officers Salindron and Turner were correctional officers at the Regional Justice Center at the time of Mr. Sansone's two period of incarceration in 2004, 2) a complete transcript of the hearing that took place in February of 2004, as referenced by Plaintiff's Exhibit 3, docket no. 50-2, 3) the Order modifying the sentence signed by Judge Lukens on August 21, 2003, and filed on August 25, 2003, and 4) any additional information that may explain the history of Mr. Sansone's incarceration and community placement.

---

[3] See Footnote 1.

ORDER  8–

Plaintiff may file a supplemental response brief, not to exceed six pages, by October 9, 2006. The Clerk is directed to RENOTE Defendants' Motion for Summary Judgment, docket no. 45, for October 9, 2006.

The Court STRIKES the trial date and all pretrial deadlines. The Court will set a new trial date once the Court has ruled on the deferred portion of Defendants' Motion for Summary Judgment.

IT IS SO ORDERED.

Dated this 20th day of September, 2006.

/s/ Thomas S. Zilly
Thomas S. Zilly
United States District Judge

ORDER 9–