UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| RICHARD T. SANSONE,<br><br>                  Plaintiff,<br><br>v.<br><br>REED HOLTGEERTS, et al.,<br><br>                  Defendants. | No.  C05-1644Z<br><br>ORDER |

      The Court has previously GRANTED Defendants' Motion for Summary Judgment, docket no. 45, for all Defendants on the claims of excessive force, negligence/negligent supervision, deprivation of property, conversion, and assault.  Additionally, the Court GRANTED Defendants' Motion for Summary Judgment, docket no. 45, on all claims, as they related to the Defendants Reed Holtgeerts, Herb Meyer, Norm Maleng, Craig Nelson, Larry Mays, Ken Ray, Terri Hansen, and 185 correctional officers at the Regional Justice Center ("RJC").  The Court DEFERRED Defendants' Motion for Summary Judgment as it relates to Officers Christopher Salindron and Patricia Turner pending verification of their employment.  Order at 8, docket no. 61.  The Order is by this reference incorporated herein.

      As indicated by the Court's previous Order the "record is unclear as to whether or not Officers Salindron and Turner were officers at the RJC (and thus part of the unnamed 187 officers).  In the event that they were not part of the unnamed 187 officers at the RJC, then

ORDER  1–

this Order granting qualified immunity shall apply to all 187 unnamed officers." Order at 6 n.1. Plaintiff's complaint has not named Officers Salindron and Turner individually. However, the Court was unclear as to whether or not they were included in the 187 "unnamed" officers Plaintiff attempted to sue in this action. The previous Order requested supplemental information as to the status of Officers Salindron and Turner's employment. Defendants have now filed the declaration of Mary Beth Short, docket no. 63, Ex. 1, the Human Resource Service Delivery Manager for King County. Ms. Short provides evidence that Officers Salindron and Turner are not, and have never been, employees of the King County Department of Adult and Juvenile Detention (which includes the RJC). Short Declaration at ¶ 3. Plaintiff's supplemental response brief provides no evidence indicating that Officers Salindron and Turner were employees of the RJC. Pl.'s Supplemental Resp., docket no. 65. Accordingly, all 187 unnamed officers at the RJC are entitled to the protection of qualified immunity because Plaintiff has failed to prove that the right he asserts (to not be falsely imprisoned) was clearly established. See Order at 6; see also Saucier v. Katz, 533 U.S. 194, 201-02 (2001).

Having considered the supplemental briefing of the parties, docket nos. 63 and 65, and the Short Declaration, docket no. 63, Ex. 1, the Court GRANTS the deferred portion of Defendants' Motion for Summary Judgment and Dismissal, docket no. 45. The Court DISMISSES with prejudice the two remaining unnamed correctional officer defendants because they possess qualified immunity. See Order at 6 n.1, docket no. 61.

The Clerk is directed to enter final judgment dismissing all Defendants with prejudice.

IT IS SO ORDERED.

Dated this 31st day of October, 2006.

Thomas S. Zilly
United States District Judge

ORDER  2–